1

2

3

4

5

6

7

8       IN THE UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VICTORIA REYES,

11          Plaintiff,                    No. CIV S-11-3307 MCE CKD PS

12       vs.

13
     WEST SACRAMENTO POLICE
14   DEPARTMENT,

15          Defendant.                    <u>ORDER</u>

16   _____/

17          Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority

18   pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this

19   court by Local Rule 72-302(c)(21).

20          Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

21   unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

22   forma pauperis will be granted.  28 U.S.C. § 1915(a).

23          The federal in forma pauperis statute authorizes federal courts to dismiss a case if

24   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

25   granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26   § 1915(e)(2).

1            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.

6            In order to avoid dismissal for failure to state a claim a complaint must contain

7    more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

8    of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

9    words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

10   statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

11   claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

12   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

13   draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129

14   S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

15   granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

16   (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

17   Rhodes, 416 U.S. 232, 236 (1974).

18           The court finds the allegations in plaintiff's complaint so vague and conclusory

19   that it is unable to determine whether the current action is frivolous or fails to state a claim for

20   relief.  The court has determined that the complaint does not contain a short and plain statement

21   as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

22   policy, a complaint must give fair notice and state the elements of the claim plainly and

23   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

24   must allege with at least some degree of particularity overt acts which defendants engaged in that

25   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

26   /////

1   Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

2   file an amended complaint.

3          If plaintiff chooses to amend the complaint, plaintiff must set forth the

4   jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil

5   Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted

6   in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

7          It appears that plaintiff may be trying to state a claim under the Civil Rights Act.

8   That statute provides as follows:

9          Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
10         deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
11         law, suit in equity, or other proper proceeding for redress.

12   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

14   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

15   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

16   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

17   omits to perform an act which he is legally required to do that causes the deprivation of which

18   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19         Moreover, supervisory personnel are generally not liable under § 1983 for the

20   actions of their employees under a theory of respondeat superior and, therefore, when a named

21   defendant holds a supervisorial position, the causal link between him and the claimed

22   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

23   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

24   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

25   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

26   Cir. 1982).

1         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

3 amended complaint be complete in itself without reference to any prior pleading.  This is

4 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7 original complaint, each claim and the involvement of each defendant must be sufficiently

8 alleged.

9         In accordance with the above, IT IS HEREBY ORDERED that:

10         1.  Plaintiff's request to proceed in forma pauperis is granted;

11         2.  Plaintiff's complaint is dismissed; and

12         3.  Plaintiff is granted thirty days from the date of service of this order to file an

13 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

14 and the Local Rules of Practice; the amended complaint must bear the docket number assigned

15 this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

16 copies of the amended complaint; failure to file an amended complaint in accordance with this

17 order will result in a recommendation that this action be dismissed.

18  Dated: January 4, 2012

19

20                     CAROLYN K. DELANEY
                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24 4
  reyes.ifp-lta

25

26